People v Keaton (2025 NY Slip Op 04046)

People v Keaton

2025 NY Slip Op 04046

Decided on July 03, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: July 03, 2025

Before: Kern, J.P., Kennedy, Kapnick, Scarpulla, O'Neill Levy, JJ. 

Index No. 194/16|Appeal No. 4682|Case No. 2018-3965|

[*1]The People of the State of New York, Respondent,
v
Eric Keaton, Defendant-Appellant. 

Caprice R. Jenerson, Office of the Appellate Defender, New York (Rosemary Herbert of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Sara Lubin of counsel), for respondent.

Judgment, Supreme Court, New York County (Ruth Pickholz, J.), rendered February 23, 2017, convicting defendant, upon his plea of guilty, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony drug offender, to a term of two years, unanimously affirmed.
Defendant's arrest was based on probable cause. The arresting officer acted based on information relayed by a fellow officer who acted as a "ghost," and the description of defendant "was sufficiently specific to provide probable cause to the arresting officer in light of the close temporal and spatial proximity between the drug sale and defendant's arrest" (People v Garcia, 199 AD3d 425, 425 [1st Dept 2021], lv denied 37 NY3d 1161 [2022]; see People v Ketcham, 93 NY2d 416, 419 [1999]). Defendant was arrested in a buy-and-bust operation conducted by police officers with training and expertise in drug enforcement, and suspiciously interacted with a codefendant who sold drugs to an undercover officer immediately before the buy-and-bust team received a positive buy signal from the undercover officer (see People v Tapia, 230 AD3d 1009, 1010 [1st Dept 2024], lv granted 42 NY3d 1055 [2024]).
We find no basis for disturbing the hearing court's credibility determinations which are accorded great deference (see People v Moore, 93 AD3d 519, 522 [1st Dept 2012], lv denied 19 NY3d 865 [2012]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: July 3, 2025